UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00091

———

**David Paul Rabine,**
*Plaintiff,*
v.
**Commissioner of SSA,**
*Defendant.*

———

## OPINION AND ORDER

Plaintiff filed this civil action pursuant to the Social Security Act, § 205(g), seeking judicial review of the Commissioner's denial of his application for social-security benefits. This case was referred to a magistrate judge, who issued a report and recommendation that the decision of the Commissioner be affirmed and that this cause of action be dismissed with prejudice. Doc. 13. On September 25, 2024, plaintiff filed objections to the report and recommendation. Doc. 14.

The court reviews the objected-to portions of a report and recommendation de novo. *See* 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days). The court reviews all unobjected-to portions of the report and recommendation only for clear error. *Id.* at 1420.

Plaintiff first objects to the magistrate judge's finding that the ALJ performed an adequate supportability analysis of the medical opinion from consultative medical examiner Vijaya Chintala, M.D. Doc. 14 at 1. Plaintiff contends that the ALJ failed to explain why she found Dr. Chintala's opinion—that plaintiff's functional capacity is limited—to not be supported by the doctor's own findings. *Id.* Plaintiff argues that because the ALJ failed to adequately

make this explanation, she did not build an accurate and logical bridge between the evidence and her final determination. *Id.* at 2–3.

Here, Dr. Chintala opined that plaintiff's current ability to do work-related activities such as sitting is markedly limited. Dr. Chintala specifically noted that plaintiff, although he has unimpaired hearing and speaking abilities, walks with a cane and has a limited ability to stand, walk, lift, carry, and handle objects because of his medical problems. Doc. 5-11 at 84. However, the ALJ concluded that "this opinion is less than persuasive because it is . . . no[t] supported by Dr. Chintala's own findings upon physical examination." Doc. 5-3 at 30.

Contrary to plaintiff's objections, the record reflects that the ALJ did perform a sufficient supportability analysis for the entirety of Dr. Chintala's opinion. The ALJ cited Dr. Chintala's own findings upon physical examination—"including negative straight leg raising, no tenderness upon palpation of the spine, normal gait/station, 5/5 muscle strength throughout, and intact sensation to touch, pinprick, vibration, and position . . . , diagnostic testing, and or the other medical evidence of record"—that undermined the doctor's ultimate conclusion. *Id.* The ALJ also expressed concern that it appeared "Dr. Chintala relied on the claimant's subjective complaints upon examination rather than the objective medical findings." *Id.*

Plaintiff does identify other medical findings by Dr. Chintala that could support a positive limitation finding. Doc. 14 at 2. However, the ALJ is best situated to evaluate Dr. Chintala's opinion in light of these conflicting findings. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) ("Conflicts in the evidence are for the Commissioner and not the courts to resolve." (cleaned up)). The ALJ was also not required to include a "word-for-word recitation[]" of Dr. Chintala's findings and opinions. *Grennan v. Comm'r of Soc. Sec.*, No. 4:21-cv-00645, 2022 WL 2056277, at *4 (N.D. Tex. May 23, 2022), *report and recommendation adopted*, 2022 WL 2053168 (N.D. Tex. June 7, 2022); *see also Price v. Astrue*, 401 F. App'x 985,

986 (5th Cir. 2010) (unpublished) ("The ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination."). In addition, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). The court finds that the ALJ performed a legally sufficient supportability analysis of Dr. Chintala's opinion.

On similar grounds, plaintiff further objects to the magistrate judge's finding that the ALJ performed a sufficient consistency analysis of Dr. Chintala's opinion. Doc. 14 at 3. Plaintiff suggests the ALJ did not adequately explain the consistency factor because "merely recit[ing] negative findings from Dr. Chintala's examination" amounts to "a boilerplate analysis." *Id.* at 3–4.

Here, the record reflects that the ALJ did more than just "reference to 'diagnostic testing and or the other medical evidence of record.'" *Id.* (quoting Doc. 5-3 at 30). The ALJ pointed to specific findings by Dr. Chintala that are inconsistent with the doctor's own functional-capacity determination. Doc. 5-3 at 30. Further, the ALJ considered the evidence plaintiff proffers in his objection. *Id.* at 24, 26. The ALJ weighed this evidence against the other medical and nonmedical sources of record in coming to her residual-functional-capacity determination. It is not this court's duty to reweigh the evidence that the ALJ has already properly analyzed. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Thus, the residual-functional-capacity assessment is consistent with the ALJ's full consideration of the record and her persuasiveness analysis.

Having reviewed plaintiff's objections de novo, the court finds they should be overruled, and the report and recommendation (Doc. 13) is accepted. Fed. R. Civ. P. 72(b)(3). The decision of the Commissioner is affirmed, and this cause of action is dismissed with prejudice. Any pending motions are denied as moot.

*So ordered by the court on May 27, 2025.*

J. CAMPBELL BARKER
United States District Judge